***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted January 4, affirmed March 29, 2023

In the Matter of R. J. M., Jr.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. J. M.,
*Appellant.*

Douglas County Circuit Court
20JU02639; A179265

George William Ambrosini, Judge.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Pagán, Judge, and Armstrong, Senior Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Father appeals a judgment terminating his parental rights to his child, challenging the juvenile court's finding that it is improbable that the child could be returned to father's care within a reasonable time. *See* ORS 419B.504 ("The rights of the parent or parents may be terminated as provided in ORS 419B.500 if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child or ward and integration of the child or ward into the home of the parent or parents is improbable within a reasonable time due to conduct or conditions not likely to change."); *see also* ORS 419B.500 ("The parental rights of the parents of a ward may be terminated *** only upon a petition filed *** for the purpose of freeing the ward for adoption if the court finds it is in the best interests of the ward ***.").

Here, exercising *de novo* review, ORS 19.415(3)(a), and having considered the evidentiary record, which includes information regarding father's significant comprehension barriers, his difficulties during visitation, and his failure to complete the services provided, we conclude that the statutory requirements for termination are met by clear and convincing evidence, that it is in the child's best interest to be freed for adoption, and that termination is in the child's best interest.[1]

Affirmed.

---

[1] Mother is not a party to this appeal.